**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELVIS ROBERT SEDILLO,

Defendant-Appellant.

No. 00-2258
(D.C. No. CR-95-330-JC)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Elvis Robert Sedillo seeks a certificate of appealability (COA) in order to appeal from the district court's order denying relief in his motion filed under 28 U.S.C. § 2255. We deny Sedillo's application and dismiss the appeal.

To be entitled to a COA, Sedillo must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000) (quotation omitted). We will grant relief if we determine that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.

In 1995, Sedillo and his co-defendant were charged with nine counts of violating various federal statutes arising from the carjacking and shooting death of the driver of the car. On the day set for trial, Sedillo pled guilty to one count of the indictment, violation of 18 U.S.C. § 2119(3), carjacking resulting in death. At sentencing he moved to withdraw his plea. The motion was denied and he was sentenced to life. We affirmed the district court's decision on direct appeal.

Sedillo then filed this § 2255 motion seeking resentencing on the basis of ineffective assistance of counsel in that counsel did not ensure that he understood that the factual foundation he offered at the plea hearing was not an acceptance of responsibility. He asserted that appointed counsel should have helped him to prepare a more comprehensive statement for the pre-sentence investigation report. The district court granted the motion and resentenced him to life.

Sedillo now appeals the district court's reimposition of the life sentence. He argues that the court was biased against him and he should be resentenced by an impartial judge. Sedillo asserts that the sentencing judge evinced his prejudice by rejecting his statement of acceptance of responsibility, by verbally attacking him at sentencing, and by denying him a family contact visit.

The denial of an impartial judge is a structural error which can never be harmless. Juarez v. Minn., 217 F.3d 1014, 1017 (8th Cir. 2000); Tumey v. Ohio, 273 U.S. 510 (1927). We have reviewed the district court proceedings in light of the parties' submissions to this court and the record on appeal. Sedillo has failed to show bias which would warrant resentencing before another judge. See, e.g., Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings "almost never" are valid grounds for bias motion; further, judicial opinions based on facts introduced or events occurring during course of proceedings are not basis for bias motion "unless they display a deep-seated favoritism or antagonism that would

make fair judgment impossible").  Sedillo has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Reasonable jurists could not debate whether his §     2255 "petition should have been resolved in a different manner" or whether "the issues presented were adequate to deserve encouragement to proceed further."     Slack, 120 S. Ct. at 1603-04 (quotation omitted).

We admonish counsel to be cognizant of our local rules.  Sedillo did not attach either the district court's judgment or the relevant transcript to his brief. See 10th Cir. R.  28.2(A).  Further, the government did not correct this omission. See id. 28.2(B).

We DENY Sedillo's application for a COA and DISMISS this appeal.


Entered for the Court


Robert H. Henry
Circuit Judge


-4-